**In re N.N. ELECTRIC COMPANY, INC., A Hawaii Corporation, Debtor.**

**Bankruptcy No. 87–00383.**

United States Bankruptcy Court, D. Hawaii.

Aug. 28, 1987.

Jeffrey S. Harris, Honolulu, Hawaii, for Rodney Kim.

Patrick Taome, Susan E. Tamanaha, Honolulu, Hawaii, for Aloha State Sales Co., Inc.

Ronald Kotoshirodo, Honolulu, Hawaii, for debtor.

Douglas A. Crosier, Honolulu, Hawaii, for E.E. Black, Ltd.

Charles H. Witherwax, Honolulu, Hawaii, for Industrial Indem. Co.

William J. Nagle, III, Scott Wallner, Honolulu, Hawaii, trustees of PECA–IBEW.

## ORDER ALLOWING SET–OFF

JON J. CHINEN, Bankruptcy Judge.

E.E. BLACK, LTD.'s ("Black") Motion for Determination of the Status of Property came on for hearing on July 28, 1987, at 2:00 p.m., and August 4, 1987, at 1:30 p.m., before the Honorable Jon J. Chinen, Bankruptcy Judge, in the above-entitled Court. Having duly considered the affidavits and memoranda submitted by the respective counsel for Black, Aloha State Sales Co., Inc., and Rodney Kim, having heard arguments by the respective counsel for said parties and the respective counsel for the Debtor above-named, Trustee Wyman W.C. Lai, Trustees of PECA–IBEW, and Industrial Indemnity Co., and having reviewed the files and records herein, the Court makes the following findings of fact:

1. The subject contract retention monies in the amount of $34,569.04 held by Black pursuant to Black's May 6, 1985 subcontract ("subcontract") with Debtor is property of the estate pursuant to 11 U.S. C. Section 541(a).

2. As of the date of the filing of Debtor's Petition, May 13, 1987, Debtor failed to complete said subcontract, and the Trustee subsequently rejected this executory subcontract pursuant to 11 U.S.C. Section 365(d)(1) by not assuming the same within 60 days after issuance of the order for relief.

3. Consequently, Debtor breached and rejected its subcontract with Black, thereby entitling Black a prepetition claim and right to complete said subcontract.

4. The obligations of Debtor and Black arising from said subcontract were mutual pursuant to 11 U.S.C. Section 553, and *In Re LaFollette Sheet Metal*, 35 B.R. 634 (1983).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Black may and shall have a right of setoff pursuant to 11 U.S.C. Section 553 regarding disposition of the aforesaid retention monies by Black to complete the subcontract, including payment of claims arising from material and labor related to the subcontract.